## IN THE CIRCUIT COURT OF MONTGOMERY
## IN THE STATE OF MARYLAND

Marvin S. Castro
3032 Schurbert Dr.
Silver Spring MD 20904
Pro SE

        Plaintiff(s)

        vs.

**BANK OF AMERICA**    Civil No.:
100 North Tryon St
Charlotte NC 28255

    Serve: Registered agent
    THE CORPORATION TRUST INCORPORATED
    351 West Camden St
    Baltimore, MD 21201

**GREN TREE SERVICING**
7360 South Kyrene Rd
Tempe AZ 85283

    Serve by Sheriff;
    THE CORPORATION TRUST INCORPORATED
    351 West Camden St
    Baltimore, MD 21201

**COHN GOLDBERG AND DEUTSCH LLC**
600 Baltimore Ave. Suite 208
Towson MD 21204
    Serve by Sheriff Registered agent
    Stephen Goldberg
    600Baltimore Ave. Suite 208
    Baltimore, MD 21204
DOE(s) 1-100

Defendant(s)

******

**EXHIBIT 3-B**

Complaint

COMES NOW, Marvin Castro, pro se, (hereinafter referred to as "Plaintiff"), and for her Complaint states as follows:

## I. PARTIES

1. Plaintiff is a resident of the State of Maryland and is the lawful and sole title holder of (hereinafter ; The Property) 3032 Schubert Dr Silver Spring MD 20904 and bring this action in good faith based on violations of various state and federal laws and regulations to which they are entitled to recover damages and equitable relief as prayed for herein. Plaintiff is acting as her best on the drafting of her complain and should be considered *liberally construed. a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).*

2. The purpose of this action concerns real property duties and obligations and beneficial interests therein, based on a loan and promissory note including the defendants questioned right to enforce the note or deed of trust incidental thereunto.
Any plural reference to "Plaintiff" is meant to be singular as "plaintiff." Any reference to plaintiff is meant to be "she" and construed as gender neutral, throughout.

3.. Upon information and belief, defendant Bank of America (hereinafter "BOA") is a mortgage servicer and lender. Defendant BOA's principal place of business is located in Charlotte NC. Defendant BOA is licensed to and regularly does transact business in Maryland including buying, selling, securitizing and/or servicing mortgages, specifically including the Property.

4. Defendant Green Tree Servicing LLc, (hereinafter "GT") is a mortgage servicer for the second loan and a lender professional corporation existing and organized under the laws of Maryland . Defendant GT principal place of business is located in Tempe ,AZ . Defendant GT is licensed to and regularly does transact business in the State of Maryland , including buying, selling, securitizing and/or servicing mortgages, specifically including the Property.

5 .Defendant Cohn Goldberg and Deutsch LLc is a registered trustee this professional company is licensed to conduct legal business in Maryland .

6. Defendants and each of them are, and at all times herein mentioned was and were business entities alleged to be organized and existing under the laws of the State of Maryland, and at all times mentioned herein were and are doing business therein in this judicial county.

## II JURISDICTION AND VENUE

7. This Court may exercise personal jurisdiction over the Defendants in this action because they transacted business, including the transactions at issue in the present matter, within the state of Maryland.

8. Venue is appropriate in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc., §§ 3-401, 3-415 and because this suit concerns real property located in Montgomery County, Maryland.

9. All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff' Title, Or Any Cloud On Plaintiff' Title Thereto" are sued herein

## DOE ALLEGATIONS

10. Plaintiff do not know the true names and capacities of the defendants sued herein as DOES 1 through 100 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiff are informed and believe and based on such information and belief that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

10. Plaintiff are informed and believe and based on such information and belief that Defendants and DOE Defendants 1 through 100, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein. Defendants and Does 1-100, hereinafter collectively.

## III FACTS

11. On or about February 27th 2007, plaintiff's purchased subject property known as 3032 Schubert Dr Silver Spring MD 20904 which is both plaintiffs PRIMARY RESIDENCE and a single family dwelling. The property was allegedly the security under a deed of trust [*DOT*, hereafter] . The loan was evidenced by promissory Note the current owner of which is yet a mystery. It is alleged that the DOT is merely an incident of the Note. A good faith dispute over sums paid and due developed between borrowers/Plaintiff and defendants jointly and severally as the loan originator on Note.

12. On or about the same date referenced herein, Plaintiff obtained a loan on the Subject Property through Countrywide Americas Wholesale., [hereafter *OL*, designating *Original lender*] and executed a promissory note thereafter. The note was secured by a deed of trust with OL as beneficiary. Recontrust Co. were designated as the Trustees to protect the interests of the two parties .
The Note contained an Adjustable Rate Rider [ARR, hereafter], with an interest change based on a 6 month LIBOR index from 3.25% up to 12.5% INTEREST ONLY FIXED.

13. Plaintiff made each payment due on the loan from its inception until a year ago when the interest changed to 8% and later on even more without any control.

14. And a dispute between the plaintiffs and the OL, developed without resolution whereas the plaintiff was looking for a permanent modification on the terms of her note in writing.

15. The dispute was a good faith concern about the sum actually credited under the Note, the sums yet due, an accounting under the Note, the identity of the correct entity entitled to enforce the note, the potential consequence of the cancellation of the Note and Deed and other similar financial errors committed by the defendants affecting the true amount due under the Note and Note's enforceability.

16. The Note called out America's Wholesale Lender . as the beneficiary and AW is a nonexistent company since 2010, there is a designation of Trust as of today in the land records to Bank of America but the person who signs the assignment by MERS is a nonexistent made up assistant secretary with a made up signature that varies from differents documents in land records.
MERS was called out as a designee only with no apparent rights but those common to entities which lodge documents but which have no designated authority agreed to otherwise. There is an appointment of Trustee's to Cohn and Goldberg made on 2009 as of today.

17. Thereafter, it became apparent to plaintiff that the identity of the true beneficiary became in question so that any conversations about the Note and solutions to the dispute could be resolved. Currently it is believed and alleged by plaintiff that BOA, is the entity to whom the rights under the NOTE currently may reside as a holder in due course. Without a clearly defined designated beneficiary the right to issue and record the *Notice of Default* [NOD, herein] in the event of non-payment became unintelligible. Given this problem, a later recorded NOD gave no clear solution as to who had any right to issue a NOD.

18. On or about 2007-2008 defendant Countrywide, allegedly assigned or sold or conveyed the Note or Deed of Trust or both, without an assignment to BOA"since the Plaintiff has been paying the loan to BOA but the court shows and assignation on 3-23-2012 who the plaintiff was paying bfore then?. Nevertheless, the dispute and uncertainty of the loan payments due, paid and properly credited has continued, without any loan debt validation or accounting performed as requested by Plaintiff or clarification as to the actual entity who holds the right to enforce the Note Plaintiff demands to have a right accountability on his loan since some sums were not showing as credit in the statements.

19. The consequence is a Note of uncertain ownership, possibly voidable deed of trust affecting the true beneficiaries' right to foreclose, and the sums properly credited and paid and amount ultimately due under the note which now may be unsecuritized for want of an identifiable holder in due course.

************

## FIRST CAUSE OF ACTION FOR
## NEGLIGENCE

20. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. At all times relevant herein, the Defendants, acting as Plaintiff' lender and loan servicer, had a **duty to exercise reasonable care and skill to maintain proper and accurate loan records** and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by Plaintiff to avoid errors in accounting causing foreclosures, et al., and promptly and fairly resolve financial disputes. Moreover, knowing the foreseeable effect of such breaches of duty, emotional distress to plaintiff was likely and in fact was incurred throughout this lender/borrower dispute.

22. In taking the actions alleged above, breached the duty of care and in failed to use care common in the industry, the Defendants breached their duty of care owed to Plaintiff in the servicing of Plaintiff' loan by, among other things, failing to properly and accurately credit payments made by Plaintiff toward the loan, preparing and filing false documents, and on the Subject Property without having the legal authority and/or proper documentation to do so. The breach of this duty caused injury and emotional distress to the plaintiff herein both legally and actually.

23. As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiff suffered physically, mentally and emotionally causing them great injury in their bodies and minds and financially by way of general and special damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION FOR FRAUD AND DECEIT

24. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Plaintiff were reasonably lead and induced by defendants, their agents, officers and employees to rely upon the untrue representations of defendants causing them to *borrow money* from defendants with terms and conditions that were cryptically oppressive, burdensome and calculated to cause the Note to go into default. Plaintiff alleges that such a scheme and plan was corrupt and made with the specific purpose of inducing reliance, the issuance of money payments and loss ultimately of the asset purchased by said scheme. Such false statements were either known to be false of made with reckless

disregard for the truth thereof. Additionally, the addition of an Adjustable Rate Rider under the disguise name of Interest Only FIXED RATE NOTE which was only like that for certain period of time and changing to $800.00 and more before the promised time (10 years) with open ended terms and blanket permissions was unconscionable, did not reflect a meeting of the minds by agreement with said terms and was adhesive as a matter of law, hence the entire loan and Note is alleged to be subject to a renovation and retooling to terms that are fair and just under industry standards.

26. Plaintiff were reasonably lead to believe by oral statements representing such that the lender defendants were skilled in the careful development and structuring of fair, reasonable loans and careful handling of loan accounts after the Note was executed. This was not the case.

27. The truth was that the defendants were not so trained or skilled nor did they exercise any reasonable level of care, skill and supervision over the account of Plaintiff acting instead in a willfully reckless, malicious and oppressive fashion harming Plaintiff.

28. Such acts of these Defendants and each of them and Does 1-100 caused actual and legally foreseeable damages to Plaintiff in a sum to be proved at trial. Plaintiffs are entitled to punitive and general and special damages by reason of the fraud and deceit.

29. Had Plaintiff known the truth about the defendants intentions and lack of skill and professional acumen, they would not have relied upon the representations of defendants, causing their harm.

## THIRD CAUSE OF ACTION
## FOR AN ACCOUNTING

30. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Plaintiff have a right to a fair and honest report of the total sums due, payable, paid and credited under the referenced Note. To date this has not been provided upon demand.

32. Plaintiff believe that the sums calculated by defendants were incorrect then and now and thus an accounting should be ordered to clear issues related thereto including the calculations that lead to the irregularities causing the wrongful foreclosure attempts.

## FOURTH CAUSE OF ACTION FOR
## BREACH OF CONTRACT

33. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. Plaintiff' original loan agreement set forth dates by which monthly principal and interest payments were due, and when late fees and other charges could be assessed.

35. Alternatively, if the original note and deed of trust were properly assigned to Defendants, Defendants breached the note and deed of trust that Plaintiff signed. The terms of the note required payments made by Plaintiff to be applied **properly** to the note with proper credits given.

36. The Defendants allegedly breached the terms of the promissory note by failing to apply the payments made and credits due to the loan account by Plaintiff to Plaintiff' loan, the result of which led to the Defendants being overcharged in interest and principal on the Note improperly. This also triggered a false credit report in violation of the FCRA and false sums not due in violation of the FDCPA both of which were caused by the breaches damaging Plaintiffs.

37. Moreover plaintiff Principal balance started on $368.000.00 but 2 years later after sending payments the Principal balance was $395,209.00 as of 1/2010 but curiously as of 2/2013 this year the Principal balance is less now as $376,000.00 very strange for the kind of loan that I was promised fixed rate there was a wrongful manipulation of the interests on the defendants favor for unjust enrichment and therefore a breach of contract.

## FIFTH CAUSE OF ACTION FOR
## UNJUST ENRICHMENT

38. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through37, inclusive, as though fully set forth herein.

39. By their wrongful acts and omissions, the Defendants have been unjustly enriched by the receipt of monies from plaintiff at the expense of Plaintiff, and Plaintiff 's dream of a house and thus Plaintiff have been unjustly deprived because the payments represented alleged overpayments.

40. By reason of the foregoing, Plaintiff seek restitution from the Defendants, and an order of this Court disgorging all profits, benefits, and other compensation obtained by the and all other enriched, benefiting Defendants from their wrongful conduct.

## SIXTH CAUSE OF ACTION FOR
## QUIET TITLE WITH LIS PENDENS RECORDED

41. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 40, inclusive, as though fully set forth herein.

42.. Plaintiff are the equitable owners of the Subject Property which has the following legal description as shown herein, above. Plaintiffs contest TITLE as currently disputed and recorded.

43. Plaintiff seek to quiet title against the claims of Defendants and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1 through 100 (collectively referred to herein as the "Title Defendants") as the Title Defendants, including beneficiaries and their successors in interest hold themselves out as entitled to an uncertain equitable ownership of the Subject Property by and through their claim to rights under the Note and DOT. In fact, plaintiffs allege that these Defendants had no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure; offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer subsequently.

44. As alleged above, the Note may have been transferred from the OL to another entity or Trust. Plaintiffs are not able to discern who owns the rights under the Note or if the Note has been extinguished affecting the rights under the DOT.

45. Plaintiffs alleged that as of March, 2012, new entities and trusts may be involved and demanding funds under the Note to which they may not be entitled.

46. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Title Defendants and each of them be declared to have no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff' rights. In short, the DOT allegedly has become void and of no effect to permit the foreclosure and the Note debt is hence, UNSECURED as a matter of law.

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF [1]

47. Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 46, inclusive, as though fully set forth herein.

48. A good faith *case and controversy* has arisen between plaintiff's and defendants and each of them calling for a resolution of the issue of contractual duties and obligations due under the Note between the parties and their agents and assigns. [2]

49. The controversy is ripe for a resolution by hearing with issuance of findings of fact concerning the nature and extent of those obligations, duties and rights of all parties.

50. Plaintiff seek such resolution by a declaration setting forth those facts and findings in resolution of the dispute.

## EIGHTH CAUSE OF ACTION for Violation of the Federal Debt Collection Practices Act - 15 USC 1692g

51. Plaintiff incorporates here each and every allegation set forth above.

52.. Plaintiff allege that all defendants jointly and severally within the past year have violated state and federal law aka FDCPA by illegal and improper acts, to wit, asking, demanding, soliciting, threatening and oppressively, wrongfully seeking for sums in payment of a debt not established nor proved and not due or validated by means prohibited by the language within the FDCPA, inclusively.

## NINTH CAUSE OF ACTION for Violation of Civil Rights Act-42 USC Chapter 21

53. Plaintiff incorporates here each and every allegation set forth above.

54. Plaintiff allege that all defendants jointly and severally have violated the Civil Rights Act since Plaintiff was a victim of a predatory loan which was having a predetermined end and was given in bad faith from the OL and it's successors and or assigns because of his Hispanic roots and difficulty at that time of understanding the terms of a complex loan which has a deceitful title in it's note as a FIXED NOTE and was not underwritten properly since it was just going to be to pay interest only for the rest of the life of the loan and based on previous allegations see case to similar cases on *DOJ vs Countrywide*

*"Countrywide's actions contributed to the housing crisis, hurt entire communities, and denied families access to the American dream," said Thomas E. Perez, Assistant Attorney General for the Civil Rights Division. "We are using every tool in our law*

---

[1] FRCP Rule 57

[2] The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936)

*enforcement arsenal, including some that were dormant for years, to go after institutions of all sizes that discriminated against families solely because of their race or national origin."*

*The United States' complaint also alleges that, as a result of Countrywide's policies and practices, qualified African-American and Hispanic borrowers were placed in subprime loans rather than prime loans even when similarly-qualified non-Hispanic white borrowers were placed in prime loans. The discriminatory placement of borrowers in subprime loans, also known as "steering," occurred because it was Countrywide's business practice to allow mortgage brokers and employees to place a loan applicant in a subprime loan even when the applicant qualified for a prime loan. In addition, Countrywide gave mortgage brokers discretion to request exceptions to the underwriting guidelines, and Countrywide's employees had discretion to grant these exceptions.*

*This is the first time that the Justice Department has alleged and obtained relief for borrowers who were steered into loans based on race or national origin, a practice that systematically placed borrowers of color into subprime mortgage loan products while placing non-Hispanic white borrowers with similar creditworthiness in prime loans. By steering borrowers into subprime loans from 2004 to 2007, the complaint alleges, Countrywide harmed those qualified African-American and Hispanic borrowers. Subprime loans generally carried higher-cost terms, such as prepayment penalties and exploding adjustable interest rates that increased suddenly after two or three years, making the payments unaffordable and leaving the borrowers at a much higher risk of foreclosure*

53. Plaintiff seeks in equity a judicial order expunging all equitable liens upon his property by reason of a note and deed of trust. Plaintiff seeks damages in a sum to be proved at trial by reason thereof against all defendants and Does, including statutory damages, attorney's fees and costs. Plaintiffs are entitle under the statutory scheme to statutory penalties and attorneys fees and seek such.

Prayer for relief:

The relief I want the court to order is:

1.- Make and enforce a new contract" includes the making, performance, modification, and Termination of contracts, and the enjoyment of all new benefits, privileges, terms, and conditions of the contractual relationship.
2.- Protection against impairment by color
3.- Compensatory or punitive damages
4.- A trial by jury; and
5.- An injunction ordering: Not Waived. To be Filed by TRO Motion
6.-Declaratory Relief and other equitable relief so pled. For attorneys fees and costs of suit herein and further relief as to the court seems just.
7.-An Order Quieting Title in Plaintiff's name.

June 1st, 2013

MARVIN S.CASTRO
Prose Plaintiff